UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Baltimore Field Office<br>10 S. Howard Street, 3rd Fl.<br>Baltimore, Maryland 21201<br><br>    Plaintiff,<br><br>v.<br><br>FITZHUGH, LLC, and<br>HENDERSEN-WEBB, INC.<br>1025 Cranbrook, Rd<br>Cockeysville, MD 21020<br><br>    Defendants. | Civil Action No. _____<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND<br><br>RDB 08 CV 0259 |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, to correct unlawful employment practices and to make whole Lindsay Donovan, Lee Ann Stewart, and Paul Stewart. As is alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or "the Commission"), alleges that Defendants Hendersen-Webb, Inc., and Fitzhugh, LLC, have committed sex discrimination and retaliation in violation of Title VII by subjecting Ms. Donovan to sexual harassment and by discharging her for engaging in conduct protected by Title VII. The Commission further alleges that Defendants have committed retaliation in violation of Title VII by discharging Mr. and Ms.

Stewart, who were witnesses to Ms. Donovan's claims of harassment, and engaged in protected conduct on her behalf.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1), (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

3. The EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Hendersen-Webb, Inc., has been a Maryland corporation continuously doing business in Baltimore County, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Hendersen-Webb, Inc., has been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g), and (h).

6. At all relevant times, Defendant Fitzhugh, LLC, has been a Maryland corporation continuously doing business in Baltimore County, and has operated in conjunction with Defendant Hendersen-Webb, Inc., as an integrated enterprise/single employer within the meaning of Title VII.

7.      At all relevant times, Defendant Fitzhugh, LLC, has been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

8.      More than thirty days prior to the institution of this lawsuit, Lindsay Donovan filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.      Since at least January 1, 2006, Defendants have engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. Sections 2000e-2(1) and 2000e-3(a). The practices include the following:

   a.      Subjecting Lindsay Donovan to a sexually hostile and offensive work environment by Farm Manager Jim Cochran. Incidents of harassment committed by Cochran include, but are not limited to, (1) making frequent unwelcome sexual comments, such as about oral sex and female genitalia; (2) querying Ms. Donovan about her sexual experiences; (3) being verbally abusive to Ms. Donovan; (4) touching Ms. Donovan in an unwelcome manner; and (5) making sexual overtures to Ms. Donovan. Mr. Cochran's harassment of Ms. Donovan culminated in tangible employment actions.

   b.      Discharging Lindsay Donovan, Paul Stewart, and Lee Ann Stewart because they engaged in conduct protected under Section 704(a) of Title VII.

10.     The unlawful employment practices complained of in paragraph 9 were intentional.

11.  The unlawful employment practices complained of in paragraph 9 were done with malice or with reckless indifference to the federally protected rights of Lindsay Donovan, Lee Ann Stewart, and Paul Stewart.

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in sexual harassment and from engaging in retaliation against employees who engage in protected activities;

B.  Order Defendants to institute and carry out policies, practices, and programs which eradicate sexual harassment and retaliation, which prevent sexual harassment and retaliation from occurring in the future, and which eradicate the effects of past and present sexual harassment and retaliation;

C.  Order Defendants to reinstate Lindsay Donovan, Paul Stewart, and Lee Ann Stewart to their rightful positions;

D.  Order Defendants to make whole Lindsay Donovan, Paul Stewart, and Lee Ann Stewart by providing appropriate back pay with prejudgment interest and front pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

E.  Order Defendants to make whole Lindsay Donovan, Paul Stewart, and Lee Ann Stewart by providing compensation for pecuniary and nonpecuniary losses, including emotional pain, suffering, anxiety, depression, embarrassment, degradation, and humiliation;

F.      Order Defendants to pay punitive damages to Lindsay Donovan, Paul Stewart, and Lee Ann Stewart for the malicious and reckless conduct described in paragraphs 9-11 above, in amounts to be determined at trial;

G.      Grant such further relief as the Court deems proper; and

H.      Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

RONALD S. COOOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/
_____
JACQUELINE H. MCNAIR
Regional Attorney


/s/
_____
DEBRA M. LAWRENCE
Supervisory Trial Attorney


/s/
_____
MARIA LUISA MOROCCO
Senior Trial Attorney
Federal Bar No. 24357

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2730 (phone)
(410) 962-4270 (fax)