IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2009 MAR -3  P 4: 40

CLERK'S OFFICE
AT BALTIMORE

DEPUTY

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
    Plaintiff )   Civil Action No.: RDB 08-CV-0259
 )
 )
v. )
 )
FITZHUGH, LLC, )
 )
    Defendant. )

CONSENT DECREE

This action was instituted by the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission"), against Defendant, Fitzhugh, LLC ("Defendant"), alleging violations of Sections 703(a) and 704(a) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). The Complaint alleges that Defendant subjected Lindsay Donovan to sexual harassment while she was employed as a farmhand at Fitzhugh Farm, and that Defendant retaliated against her by terminating her employment because she complained about the harassment. The Complaint also alleges that Defendant terminated the employment of Paul Stewart and Lee Anne Stewart because Ms. Donovan identified them as co-workers who could support her claim of harassment. Defendant denies these allegations.

The Commission and Defendant desire to resolve this action without the time and expense of a jury trial, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

This Decree shall not constitute an adjudication on the merits of the Commission's case and shall not be construed as any admission by Defendant of any discriminatory practice or of

liability with respect to any Claimant. Nor shall it constitute a waiver by the Commission of any contentions of discrimination.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein, it is ORDERED, ADJUDGED AND DECREED:

1. This Decree resolves all issues and claims alleged in the Complaint filed by the Commission in this Title VII action.

2. This Decree shall be in effect for a period of three years from the date it is entered by the Court.

3. Defendant and its officers, servants, employees, successors, and assigns are hereby enjoined from engaging in sex-based harassment of any employee, and from condoning the sex-based harassment of any employee. The prohibited harassment includes the use of offensive or derogatory comments, or other verbal or physical conduct based on sex, which creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance. Such harassment violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer --
> (1) ... to discriminate against any individual with respect to [his or her] ... terms, conditions, or privileges of employment, because of such individual's ... sex ....

42 U.S.C. § 2000e-2(a)(1). Defendant and its officers, servants, employees, successors, and assigns are further enjoined from retaliating against any employee who complains of sexual harassment, as set forth in the following provision:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this

subchapter.

42 U.S.C. § 2000e-3(a).

4. Within thirty days after entry of this Decree, Defendant shall pay a total of $180,000 in relief to the Claimants in separate amounts designated by the EEOC. Defendant will issue U.S. Internal Revenue Service Form 1099's to each Claimant for the 2009 tax year.

5. Within thirty days from the date of entry of the Decree, Defendant's employees, managers, Vice-President, and the Director of Human Resources who reports to that Vice President will attend a training program lasting at least two hours for managers and supervisors and at least one hour for non-managerial employees. The training will cover the prevention of employment discrimination and compliance with federal anti-discrimination laws, with an emphasis on the prohibitions against sexual harassment and retaliation. The training will be conducted by an outside law firm or consultant as previously agreed to by the EEOC and Defendant. Within ten days after the completion of the training, Defendant will provide written certification to the EEOC verifying the attendance of all persons described above.

6. Within ten days from entry of the Decree, Defendant will distribute an anti-harassment policy, previously reviewed by EEOC counsel of record, to all individuals working at Fitzhugh Farm, including Defendant's Vice-President and the Director of Human Resources who reports to that Vice President. The policy will also be posted in a conspicuous and accessible place at Fitzhugh Farm and at Defendant's administrative office in Cockeysville, Maryland.

7. Within ten days after entry of the Consent Decree, Defendant will post immediately, in all places where notices to employees customarily are posted at Fitzhugh Farm and at its administrative office, the EEOC's poster informing employees of their rights, as well as the Notice attached hereto and made a part hereof. Said Notice shall be posted and maintained

for the life of the Consent Decree and shall be signed by a responsible management official with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within 30 days of approval of this Decree, Defendant shall forward to the EEOC's attorney of record a copy of the signed Notice attached hereto and written certification that the Notice referenced herein has been posted and a statement of the locations and date(s) of posting.

8. The Commission and Defendant shall bear their own costs and attorneys' fees.

9. All claims brought by the EEOC against Defendant shall be and hereby are dismissed with prejudice, subject to this Court's jurisdiction to enforce provisions of this Consent Decree.

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

FOR DEFENDANT:

_____/s/_____
R. Michael Smith
Gordon & Feinblatt
233 East Redwood Street.
Baltimore, MD 21202
410/576-4600

FOR PLAINTIFF:

_____/s/_____
Debra M. Lawrence
Regional Attorney (Acting)


_____/s/_____
Maria Luisa Morocco
Senior Trial Attorney
EEOC Baltimore Field Office
10 S. Howard St., 3rd Floor
Baltimore, MD 21201
(410) 209-2730

**SO ORDERED.**

Signed and entered this _3rd_ day of _March_, 2009.

*Richard D. Bennett*
Richard D. Bennett
United States District Court Judge